THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENDA LEDBETTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | (JURY) |
| DAVID POWERS HOMES, INC. | § | |
| AND DAVID POWERS, | § | |
| INDIVIDUALLY, | § | COLLECTIVE ACTION |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1.   Defendant David Powers Homes, Inc. (the "Company") is a Texas corporation engaged in building homes in the Houston area. David Powers ("Powers") is the Company's President and/or Owner. The Company and Powers failed to pay their employees, including Brenda Ledbetter ("Ledbetter"), for all hours worked during their employment with the Company.

2.   Accordingly, Ledbetter brings this collective action to recover unpaid wages, liquidated damages, and attorneys' fees owed to her and all other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. Section 216(b)(2009)(the "FLSA").

### JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2009) and 28 U.S.C. Sections 1331 and 1367 (2009).

4.   Ledbetter brings this complaint in the district in which

-1-

a substantial portion of the conduct giving rise to the claims charged herein occurred, and in which the Company resided during the time that such claims arose. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2009).

## THE PARTIES

5.    Ledbetter was employed by the Company within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Ledbetter was not paid for any of the work that she performed from December 26, 2008 to February 20, 2009. On February 20, 2009, David Powers told his employees that he was having to shut the doors and cease operations, although Powers remains in business to this day. As a result, Ledbetter was not paid for any of the hours she worked during this two month period. In performing her duties, Ledbetter engaged in commerce or in the production of goods for commerce.

6.    The "Members of the Class" are all current and former employees of the Company who performed work for the Company during the time period of December 26, 2008 through approximately February 20, 2009 and who were not paid wages for such work. Like Ledbetter, these individuals engaged in commerce or in the production of goods for commerce in performing their duties for the Company. These similarly situated persons are referred to as "Members of the Class" or the "Class."

7.    The Company is a domestic corporation doing business in

-2-

Texas. The Company, an enterprise engaged in commerce or the production of goods for commerce, has acted, directly or indirectly, in the interest of an employer with respect to Ledbetter and the Members of the Class. The Company may be served with process by serving its registered agent, David Powers, at 10205 Westheimer, Suite 100, Houston, Texas 77042.

8. Powers is the Company's President and/or Owner. Powers is an individual residing in Harris County, Texas who has engaged in commerce or the production of goods for commerce. Powers has acted, directly or indirectly, in the interest of an employer with respect to Ledbetter and the Members of the Class and is personally liable for the Company's violations of the FLSA. Powers may be served with process at his place of business located at 10205 Westheimer, Suite 100, Houston, Texas 77042.

BACKGROUND

9. The Company is a home builder in Texas, focusing on areas in and around Harris County, Texas. At all times material hereto, the Company operated an administrative office in Harris County, Texas which was recently relocated to Richmond, Texas.

10. Ledbetter and Members of the Class worked full time in the Company's administrative office. Although Ledbetter and the Members of the Class regularly worked forty (40) hours per week, they were not paid for any work performed from December 26, 2008 to February 20, 2009.

11.   Powers has a substantial financial interest in the Company, and was directly involved in:

a.   the hiring and firing of the Company's employees;

b.   the day-to-day operations of the Company are they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

c.   the Company's finances; and

d.   corporate decisions.

LEDBETTER'S INDIVIDUAL ALLEGATIONS

Failure To Pay Minimum Wage

12.   The Company refused to compensate Ledbetter for all hours worked from December 26, 2008 to February 20, 2009. No justification or excuse existed for the Company's practice of failing to compensate Ledbetter for all work performed during this period.

13.   As such, the Company failed to pay Ledbetter minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA.

14.   Ledbetter is entitled to all of her unpaid wages for all hours worked for the Company. Ledbetter is also entitled to liquidated damages in an amount equal to her unpaid wages.

15.   Finally, Ledbetter is entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2009).

COLLECTIVE ACTION ALLEGATIONS

16.   Other employees have been victimized by the Company's pay practices and policies which are in willful violation of the FLSA. All of these employees worked with Ledbetter in the administrative office.   Thus, Ledbetter is aware that the illegal practices or policies of the Company have been imposed on the Members of the Class.

17.   Each Member of the Class experienced the same loss of wages.   Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.   The Members of the Class are, therefore, similarly situated in terms of pay practices.

18.   The Company's failure to pay minimum wages as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA.   Thus, Ledbetter's experiences are typical of the experiences of the Members of the Class.

19.   No justification or exemption excuses the Company from paying the Members of the Class minimum wages for all hours worked each workweek.   Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage compensation with respect to the

-5-

Members of the Class.

20. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former employees employed by the Company assigned to the corporate office in Harris County, Texas which was relocated to Richmond, Texas and who were not paid wages from December 26, 2008 through February 20, 2009.

## CAUSES OF ACTION

## FAILURE TO PAY MINIMUM WAGE

21. Ledbetter incorporates all allegations contained in paragraphs 1-20.

22. Neither Ledbetter nor the Members of the Class were compensated for all hours worked. The Company's practice of failing to pay Ledbetter and the Members of the Class for all hours worked was and is a violation of the minimum wage provisions of the FLSA.

23. Ledbetter and the Members of the Class are therefore entitled to their unpaid wages.

24. Additionally, Ledbetter and the Members of the Class are entitled to an additional amount equal to all their unpaid wages as liquidated damages.

25. Ledbetter and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C.A. § 216(b) (West 2009).

## JURY DEMAND

26.   Ledbetter requests a trial by jury.

<u>PRAYER</u>

WHEREFORE, Brenda Ledbetter requests that this Court award her and the Members of the Class judgment, jointly and severally, against Defendants David Powers Homes, Inc. and David Powers, individually, for:

a.   compensatory damages for the full amount of unpaid wages;

b.   an amount equal to unpaid wages as liquidated damages;

c.   reasonable attorneys' fees, costs, and expenses of this action;

d.   pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e.   such other and further relief as Ledbetter and the Class may be allowed by law.

Respectfully submitted,

Mark Siurek
TBA# 18447900
Fed ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

-7-

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

LAW OFFICE OF DOUGLAS B. WELMAKER
Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com